John Coates, Appellant, *v.* John C. Woodworth, Appellee.

### APPEAL FROM STEPHENSON.

If one person purchases land with the money of another, but takes the deed in his own name, a trust results, by operation of law, in favor of the person whose money is used; and parol proof may be introduced to show whose money was applied to make the purchase.

Where A loans money to B, and takes a deed of land for his security, the title which A held for his security was in trust for B in the nature of a mortgage, and no lapse of time short of that fixed by the statute of limitations could forfeit the right of redemption in B or defeat his interest.

Chancery always has jurisdiction to enforce a trust, and for this purpose may appeal to the conscience of the trustee; and although the trust may be established by other evidence, this does not impair the jurisdiction of this court to enforce the trust.

This was a bill in chancery, filed by Woodworth against Coates.

The bill charges, that in the Fall of the year 1847, Woodworth being indebted to one Tarbox, in the sum of $93, secured him for the payment of that sum, by a conveyance in fee-simple of the south-west quarter of the north-west quarter of section 11, in township 26, of range 7, east of the 4th principal meridian, except the west quarter of said tract; that at the time he executed this deed, he took from Tarbox a bond conditioned that he should reconvey the land, upon his paying to Tarbox $100, in the following spring; that Woodworth made application to Coates, for a loan of $100, with which to redeem the land from Tarbox, which Coates agreed to loan until some time in the summer, on consideration that Woodworth would pay him $135, Coates to take from Tarbox or Woodworth a conveyance of the same land as security for the money loaned; that to save

expense in conveying and recording, the deed was made directly to Coates, instead of to Woodworth, and by him to Coates; that in case of default in payment of the money by Woodworth to Coates, the agreement between them was, that Coates should sell the land, pay himself out of the proceeds, and pay the residue to Woodworth; that Coates sold the land for $300, and now refuses to pay to Woodworth any surplus left, after paying himself.

Coates answered the bill, by denying all allegations in reference to a loan, and insists that he bought the land of Tarbox, with his own money and on his own account.

The facts proven are stated in the opinion of the court.

At the April term, 1852, of the Stephenson Circuit Court, SHELDON, Judge, decreed, that Coates should pay Woodworth $165 and costs. From this decree Coates appealed, and brought the cause to this court.

T. J. TURNER and B. C. COOK, for appellants.

*Allegata* and *probata* must agree. McKay *v.* Bissett, 5 Gil. 499; Morgan *v.* Smith, 11 Ill. 198; White *v.* Morrison, Id. 361.

The complainant had a remedy at law. Woodworth *v.* Seeley, 11 Ill. 163.

The law will not imply a trust in this case. 13 Ill. 54; Botsford *v.* Burr, 2 Ill. C. R. 404.

The proof to raise a trust should be very clear. 3 Sug. on Vend. 175; 4 Blackf. 539; 2 Id. 441; 8 N. Hamp. 178; 1 Bibb, 609; 4 J. J. Marsh. 509; 1 Id. 399.

If the money advanced was not loaned, and was Coates's money, then no parol proof can raise a trust, independent of the statute of frauds. 1 Phillips's Evidence, 561; Pickering et al. *v.* Dawson et al., 4 Taunt, 778; Jackson *v.* O'Reilly, 6 Johns. 18.

J. MARSH, for appellee,

Cited, 2 Story's Equity Jurisp. § 1018; Roach *v.* Cosine, 9 Wend. 227; Brown *v.* Dewey, 1 Sandf. Ch. R. 56; Wright *v.*

Bates, Verm. 341; Hovey et al. v. Holcomb, 11 Ill. 660; Hawley v. Cramer, 4 Cow. 717; Grandia v. Le Roy et al., 2 Paige, 599; Wiswal v. Hall, 3 Id. 313; Bank of Utica v. City of Utica, 4 Id. 399.

CATON, J.　The case made by the bill is this: That for the purpose of securing to Tarbox about the sum of one hundred dollars, Woodworth had deeded to him the premises in question, and taken back a bond for a reconveyance of the land, upon the payment of the money due at a specified time.　That for the purpose of making this payment, he negotiated with Coates a loan for that sum, and to secure which, Tarbox should convey the land to Coates.　That this loan from Coates should be repaid by Woodworth, in the month of May or June, 1848; and in default thereof, Coates should sell the land and pay himself out of the proceeds, one hundred and thirty-five dollars, and pay the balance of the proceeds over to Woodworth.　That Woodworth did not pay the money at the time appointed, and that Coates had sold and conveyed the land, for the sum of three hundred dollars and refuses to pay to Woodworth the balance due him, after satisfying the debt due to Coates.

The case made by this bill is that of a resulting trust, where the title is held by the trustee, as security for the loan of the purchase-money, and is almost identical with the case of Boyd et al. v. McLean, 1 Johns. Ch. R. 582.　The real question in this case, as in that, is, Was there a loan? Was the money paid, the money of Woodworth or of Coates? If the former, then Coates took the title as trustee for Woodworth; if the latter, then he took it in his own right.　No agreement between Coates and Woodworth that Coates should buy the land and then sell it to Woodworth upon any terms, will support the bill, nor will a subsequent agreement by Coates, to let Woodworth have the land upon any terms, sustain the case, if Coates in fact purchased the land with his own money from Tarbox.　Had such been the case, probably Woodworth would not be without remedy, but he would have to seek it by a bill framed differently from this. If he succeed at all, it must be by supporting with proof the complaint which he has made.

We must recur to the evidence, then, to ascertain if this was a loan of money. The first witness examined was Mr. Tarbox, who, it may be truly said, appears to have been a very slow witness for the complainant, and we need have no apprehensions that he intentionally made the complainant's case any stronger than the truth justified. He proves that he held the title to the land upon the terms stated in the bill. That after the time stipulated for the payment of his debt had expired, Woodworth told him to go to Coates's office and he would get his money. He went there accordingly, Coates gave him the money, and he executed the deed to Coates; and about that time the contract or bond between him and Woodworth for the reconveyance of the land to the latter was cancelled, Woodworth authorized him to make the conveyance to Coates, and agreed to give up the agreement, and they accordingly went to the recorder's office, and he did so. No negotiation took place, and no bargain was made between Coates and Tarbox; but, according to the statement of the latter, he went to the former, received his money, and executed the conveyance, without any explanation, whatever taking place between them. He was in the office but a few minutes. He says that at the time he went into the office, he cannot recollect whether Coates or Woodworth said his money was ready, but that one or the other did say so.

Mr. Baker testified that Coates told him that he had redeemed the land from Tarbox for Woodworth who was to have a certain time within which to redeem it from him, which time had expired, and that now he shoud sell the land, pay himself the hundred and thirty-three or five dollars, and also for his trouble, and pay the balance over to Woodworth. That this was Woodworth's right, and he should have it, although he had no claim upon him now, because he had let the time for redemption run out. Mr. Hurlbut is the only witness who gives us any account of the actual negotiation and bargain between Mr. Woodworth and Mr. Coates. When called upon to give an account of the transaction, he says, " Mr. Coates was to advance a certain amount of money for Mr. Woodworth, to redeem some land which Mr. Tarbox had a deed of from Mr. Woodworth." The amount he did not recollect, but says Mr. Tarbox was to,

or did make Mr. Coates a deed for the land, and Mr. Coates was to make Mr. Woodworth a deed for the land if he should redeem it within a certain time. Again he says on his cross-examination, " Mr. Coates paid Mr. Tarbox, for Mr. Woodworth, a certain sum of money, for which he gave Mr. Coates a deed for a certain tract of land out south-west of this, which land Mr. Woodworth was to redeem within a certain time from Mr. Coates." This was stated in answer to a question whether the bargain was not, that Coates should sell the land to Woodworth for a given sum at a certain time. He further said that he supposed Coates loaned the money to Woodworth, but he subsequently stated that nothing was said about borrowing or loaning money, to his knowledge. He was not present at, nor did he hear the whole interview. Another witness states that Coates sold the land for three hundred dollars. This presents the material features of the case, as gathered from the evidence. We have no doubt that the substance of this transaction was a loan of money from Coates to Woodworth, for the purpose of redeeming the land from Tarbox, by the payment of the debt which Woodworth owed to him, and for the security of which he held a deed of the premises, which was in fact a mortgage ; and that Coates took a deed from Tarbox, by the procurement and direction of Woodworth, for the purpose of securing him for the money which he advanced on account of Woodworth, together with over thirty-five dollars, which he was to have for the use of less than one hundred dollars for less than three months. There is no pretence that Coates bought the land of Tarbox, nor is there any doubt that Tarbox made the conveyance in consideration of the equitable interest which Woodworth had in the land, and of the payment of Woodworth's debt. Whatever arrangement was made, was made by Woodworth. All that was done, was in pursuance of a negotiation made by him. In that negotiation he could have had no other object than to redeem his land, and to secure to himself the benefit of his equitable interest in it. Indeed a sale of the land from Tarbox to Coates would have been ineffectual as to Woodworth's rights, so long as they were known to Coates.

It is true that they may not have used the words *borrow* or

*loan* during the negotiation, and this may have been from design; for nothing is more common, when the transaction is usurious, than to endeavor, as far as possible, to cover up the real character of the arrangement in some form which will conceal the usury; but it is the duty of a court of equity to look through the forms, and reach the substance of the transaction. The defendant below repeatedly acknowledged a redeemable interest in Woodworth in the land, which implies necessarily an incumbrance by Woodworth; and his right to redeem was only denied upon the ground that the time for redemption had elapsed; but in this he merely mistook the law of the case. If Woodworth ever had a right to redeem, it could only have been from the incumbrance which was created for the security of the advance which Coates had made for him, to pay his debt due to Tarbox; and the title which Coates held for his security was in trust for Woodworth, and in the nature of a mortgage, and no lapse of time, at least short of that prescribed by the statute of limitations, could forfeit the right of redemption and destroy Woodworth's interest. It is true there is no direct evidence sustaining the averment in the bill, that Coates should have the right to sell the land for the purpose of paying the debt created; but the fact that Coates said he should do so, and that he subsequently did sell the trust estate, leaves no doubt that he understood that he had that right, and that the law would raise the duty to pay the surplus to the *cestui que trust*, though the arrangement between the parties was silent on the subject. Besides, this power to sell was for the benefit of Coates; and it is for Woodworth to deny it and complain of its exercise. He, however, confirms the sale, and asks for his proportion of the purchase-money, to which we think he is entitled.

Another objection was made, which is, that a court of chancery has no jurisdiction, for the reason that the complainant could have recovered the amount due him in an action at law for money had and received. Admitting that he might have maintained such an action in this case, that would not deprive this court of its jurisdiction. Chancery always has jurisdiction to enforce a trust, and that is the object of this bill. Here we find a trust existed, to establish which it might have been neces-

The People ex rel. Loomis et al. *v.* Williamson.

sary to appeal to the conscience of the trustee; and the fact, that the trust is established by other evidence, does not impair the jurisdiction of the court to enforce the trust.

We find that the decree of the court was correct, and it is immaterial what reasons are assigned for the decree, if the conclusion is right.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*