| 62 | 401 |
| 157 | 615 |

WILLIAM H. COGGESHALL *et al.*

*v.*

JAMES M. RUGGLES.

1. PRINCIPAL AND SURETY. Where a surety pays the debt of his principal for less than its face, he will be restricted in his recovery from the principal to the sum actually paid.

2. SAME—*change of relation.* A, as principal, and B, as surety, being indebted in the sum of three hundred dollars by their joint note, some time afterward B, becoming apprehensive of the inability of A to pay the same, purchased certain property of the latter, in part payment of which he agreed to assume and pay three hundred dollars on the note, which he failed to do, and judgment was obtained on the note against both: *Held,* that by this arrangement B became the principal debtor, as between himself and it, as to three hundred dollars and interest, in the judgment, and that he could not change such relation afterward without A's consent, by crediting the price of the property upon an indebtedness of A to him and his partner in trade.

3. JUDGMENT—*rights of joint debtor satisfying.* One of two judgment debtors, though surety for the other, can not, after payment in fact by him of the judgment, by arrangement with the creditor holding the same to keep it in apparent life, manage to sell the lands of his co-defendant, and thereby acquire and retain a title to the same. While a court of equity will not treat an execution issued thereon as a nullity, yet if such party, so controlling the judgment after such payment, procures a sale of his co-defendant's lands, on execution under the same, and the transfer of the certificate of purchase to his son, it will treat the certificate as a mere security for the money advanced, and which he is entitled to recover of the principal debtor.

4. SETTING ASIDE SALE ON EXECUTION—*innocent purchaser.* Where land was sold at sheriff's sale, on execution, under such circumstances that the judgment debtor, in equity, has the right to have the sale set aside as against the purchaser, and the purchaser assigns the certificate of purchase to a party having no notice of the equities of the case, but who does not take it absolutely but only on condition of its validity, and who has parted with nothing for it before bill filed to set aside the sale, such assignee can not set up any equities to defeat the bill.

5. CHANCERY—*setting aside sheriff's sale—terms.* In 1855, A, as principal, and B, as surety, executed a note for three hundred dollars. In 1857, the surety becoming doubtful of the solvency of A, purchased of the latter a pair of horses and a buggy for four hundred and twenty-five dollars, and agreed to pay three hundred dollars of the price on the note, which he failed

26—62D ILL.

*to do.* In 1861, judgment was recovered on the note against both, which judgment was transferred to one Beasely, who, being indebted to A for corn to the amount of four hundred or four hundred and fifty dollars, agreed with A to apply this debt in payment of the judgment, and the judgment was left unsatisfied for the benefit of A. About six months afterward, Beasely had the lands of B sold on execution, under the judgment, and received a certificate of purchase, which he assigned to a son of A, without any new consideration. B filed a bill to set aside the sale, on the ground that the judgment was satisfied before the sale, and only kept in apparent life for the purpose of selling his property. The court below set aside the sale on that ground : *Held,* on appeal, that A, by the arrangement with Beasely, would, in equity, be regarded as having paid the judgment, except so far as it would be just to allow him to hold the certificate of sale as a security for the money paid by him, which B ought to have paid ; that the sale should be set aside upon terms, requiring B to do equity by paying the amount due from him on the judgment.

APPEAL from the Circuit Court of Mason County; Hon. CHARLES TURNER, Judge, presiding.

In April, 1855, Wm. H. Coggeshall, as principal, and James M. Ruggles, as surety, executed a note to Howard & O'Neal, administrators of the estate of one Marshall, deceased. In June, 1857, Ruggles becoming doubtful of the solvency of Coggeshall, purchased of him a pair of horses and a buggy for four hundred and twenty-five dollars, and agreed to pay three hundred dollars of the amount on the note. Failing to do so, the payees brought suit and recovered judgment on the note.

In June, 1865, Coggeshall having sold corn to one Beasely, the then owner of the judgment, to the amount of four hundred dollars or four hundred and fifty dollars, arranged with Beasely to apply this in satisfaction of the judgment, but let it stand without any entry of satisfaction. In January, 1868, execution was issued thereon, and certain lands of Ruggles sold, and certificate of purchase made to Beasely, who shortly afterward transferred the same to a son of Wm. H. Coggeshall without any new consideration.

Messrs. LACEY & WALLACE, for the appellants.

Mr. JOHN B. COHRS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In April, 1855, William H. Coggeshall, one of the appellants, as principal, with Ruggles, the appellee, as surety, executed a promissory note for three hundred dollars to the administrators of the estate of one Marshall, deceased. In 1861 suit was brought upon the note in the county court of Mason County, and a judgment rendered in favor of the administrators. The defendants appealed to the circuit court, where the appeal was subsequently dismissed and a *procedendo* awarded. In 1866 an execution was issued on the judgment and levied on the land of Ruggles. There was a sale under the execution and the property was bid off in the name of one Beasely, to whom the judgment had been assigned as guardian of a daughter of Marshall. After the expiration of twelve months he assigned the certificate of purchase to Francis S. Coggeshall, a son of William H. Coggeshall, and he, on the day this suit was commenced, assigned it to Dummer for the benefit of one Martin, who had obtained a judgment against William H. Coggeshall. Dummer, however, merely took the certificate under an agreement that, if it should prove valid, he would satisfy the judgment in favor of Martin, but declined to take it at any price, absolutely, conjecturing, as he says in his answer, that there might be some controversy. Martin is not, therefore, in a position to claim any equities under this assignment. This bill was filed by Ruggles to set aside the sale on the ground that, prior to the sale of the land, an arrangement had been made between Beasely and William H. Coggeshall by which the judgment was in fact paid, though not satisfied in terms, and that it was kept in apparent life in order that Ruggles' property might be sold under it. The court below set aside the sale.

Beasely testifies that he was owing W. H. Coggeshall about four hundred dollars for corn purchased, and they applied this amount to the payment of the judgment. After the sale Beasely assigned the certificate of purchase to the son of W. H. Coggeshall, receiving no new consideration therefor. We are

satisfied from all the evidence that the father was the real party in this transaction, and that the sale under the execution was for the benefit of Coggeshall with a view to reach the property of Ruggles. Beasely indeed swears that the arrangement in regard to the corn debt was made before the sale.

The decree, then, would have been in all respects correct if the relation of Coggeshall and Ruggles had continued to be that of principal and surety as it was in the beginning. But it appears that several years before the sale, Ruggles, doubting the solvency of Coggeshall, took from him a pair of horses and a buggy, and agreed in consideration thereof to pay the sum of three hundred dollars on the judgment, and so advised one of the administrators. Ruggles thus, as between himself and Coggeshall, became the principal debtor, and his subsequent attempt to cancel this obligation by crediting Coggeshall with three hundred dollars without his consent on an account due from Coggeshall to the firm of Ruggles & Gatton as partners in trade, did not change this relation. The individual debt due from Ruggles to Coggeshall for the horses and buggy could not be thus discharged without the latter's consent.

Nevertheless, although Ruggles had become the principal debtor in the judgment, Coggeshall could not pay the judgment in fact, and still keep it apparently in force for the purpose of selling the land of Ruggles, and acquiring and retaining the title. Admitting, as we are inclined to do, that the arrangement made by him with Beasley was not such a technical satisfaction of the judgment as to render the execution a nullity, still, when Coggeshall received the certificate of purchase by assignment to his son, he acquired no title to Ruggles' land which he could rightfully hold as his own. He could retain it only as security for the money he had paid, and which should have been paid by Ruggles. Until he had offered Ruggles the opportunity of redeeming within a reasonable time, his title amounted merely to a specific lien. Having acquired, by his arrangement with Beasely, the right to control the judgment, he must be regarded in a court of equity as having paid it, except so far as it would be just to allow the

sheriff's certificate of sale to be treated as a security. The principle is the same as when a surety buys the debt against his principal for less than its face. He can enforce payment to himself of whatever he has actually paid, but only of that amount. Story's Eq. Jur. Sec. 316; *Reed* v. *Norris*, 2 Mylne & Craig, 361. The conduct of Coggeshall, if his object was to acquire the title to Ruggles' land without his knowledge by means of this judgment, was inconsistent with their obligations to each other as joint debtors, and he can not be permitted to use the certificate for that purpose.

While, therefore, we agree with the court below in the opinion that the complainant can set aside the sheriff's sale and certificate, we think, as already in substance stated, the court should have imposed terms. The complainant must do equity. He should have paid the debt which Coggeshall has paid—at least he should have paid three hundred dollars of it, with the interest from the time that sum should have been paid on the judgment, if Coggeshall himself has paid so large an amount. On his bringing this money into court for the benefit of Coggeshall, the sale and certificate will be set aside.

It is not necessary to discuss the other questions raised in the argument. The true ground for setting aside the sale is the one stated; and the terms of granting this relief, above indicated, are required by the equity of the case.

*Decree reversed.*