HARVEY T. MEEKS

*v.*

ALONZO LEACH.

1. APPELLATE JURISDICTION *of Supreme Court—as respects the circuit courts.*
This court has no jurisdiction to entertain a writ of error sued out since July
1, 1877, to reverse a judgment of the circuit court in an action of assumpsit,
and such writ will be dismissed on the court's own motion. The writ should
issue from the Appellate Court.

2. COSTS—*in Supreme Court.* Where a writ of error was dismissed by this
court, on its own motion, for want of jurisdiction, each party was required to
pay his own costs in this court.

WRIT OF ERROR to the Circuit Court of Will county.

Mr. C. B. GARNSEY, for the plaintiff in error.

Mr. G. D. A. PARKS, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was originally commenced in the circuit court of
Will county, in assumpsit, against plaintiff in error and other
makers of the notes declared on. Service was had on the
other defendants, and judgment rendered against them by
default. Afterwards it was sought to make plaintiff in error
a party to the judgment on *scire facias.* On the 10th day of
February, 1877, which was one of the regular days of the
January· term of that court, the cause was submitted to the
court for trial, without the intervention of a jury, on a plea
of *nul tiel record,* and the court, on finding the issues for
plaintiff, assessed his damages at $2513.86, and rendered judg-
ment against plaintiff in error for that amount. It is recited
in the record that plaintiff in error entered "his motion in
arrest of judgment and for a new trial." On the 10th day of
March, 1877, the cause appears to have been continued to the
next term of court. At the following June term of court the
cause was stricken from the docket by order of court. The

record contains no bill of exceptions, nor do we find anywhere in the record that the "motion in arrest of judgment and for a new trial" was ever disposed of by any action of the court.

On the 10th day of September, 1877, a transcript of the record in this case was filed in the office of the clerk of this court. No writ of error or *scire facias* was in fact ever issued, but defendant entered his appearance by joining in error. At that date the law creating Appellate Courts was in force, and the writ of error should have been sued out of the Appellate Court for the proper district. The case of *Fleischman* v. *Walker*, *ante*, p. 318, is conclusive on this question.

No motion has been made to dismiss the cause out of this court, but it is done by this court on its own motion for want of jurisdiction to hear the errors assigned.

The writ of error will be dismissed, each party to pay his own costs in this court.

*Writ of error dismissed.*