SAMUEL B. MATHIS *et al.*

*v.*

OLIVER P. STUFFLEBEAM.

1. RESULTING TRUST—*when it arises.* Where land is purchased with the money of one person, and the deed taken in the name of another, a trust results by operation of law in favor of the person whose money is used.

2. In this case, one of two joint defendants in execution purchased land at the execution sale, paid the amount of his bid, and received from the officer a certificate of purchase. Under a misapprehension as to his right to become a purchaser at the sale, he surrendered his certificate of purchase to the officer and procured another to be issued to a third person, but retaining it in his own hands until the time of redemption expired. He then, under some agreement not involving the payment of the money, delivered this second certificate of purchase to the person in whose name it was issued, who thereupon assigned it to his wife, and she at once took a sheriff's deed in her own name. The wife had knowledge of all the facts, and was a mere volunteer. It was *held,* a resulting trust would arise in favor of the person who paid the money at the execution sale.

3. The mere fact that the purchaser at the execution sale procured the second certificate of purchase to be issued to a third person, could in nowise operate to bar his rights in the premises. That act was not in contravention

of any rule of public policy so as to prevent a resulting trust from arising in his favor.

4. Nor would the fact that the person so alleging the resulting trust offered to accept a settlement in respect to the subject of the controversy, in any way militate against his claim.

5. PURCHASER—*who may become a purchaser at an execution sale.* One of two defendants in an execution may properly become a purchaser at the execution sale of the land of his co-defendant;—and especially would this be the case where the purchaser was surety for his co-defendant in respect of the debt for which the judgment upon which the execution issued was rendered.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. W. R. LAWRENCE, and Messrs. YOUNG & PENNELL, for the appellants:

There can not be a resulting trust, because the complainant, Stufflebeam, procured the sheriff to execute the certificate of purchase to one not the purchaser, thus making a false return. This being contrary to the statute, and against public policy, cuts him off from relief in equity. Story's Eq. sec. 1201; Willard's Eq. (Potter's ed.) 605.

The complainant does not pretend there was a transfer of the bid, but insists he was the purchaser; in which case the certificate could only issue to him legally. There must be conformity in all proceedings of this nature, without which they are invalid. *Dickerman* v. *Burgess,* 20 Ill. 281; *Davis* v. *Mc Vickers,* 11 id. 329.

Complainant alleges, and swears, that he was advised that he could not be the purchaser of his co-defendant's property at sheriff's sale; and if this be true, a court of equity will not give him that which he would not be entitled to under the law; and would leave him to his remedy against the defendant for money paid to his use, or for money had and received. The counsel who advised him doubtless proceeded on the ground that the judgment was the debt of complainant, and the bid would only be its payment, and thereby discharge the judgment, leaving the certificate of purchase of no force.

*Coggeshall* v. *Ruggles,* 62 Ill. 404; Story's Eq. secs. 316, 499; Freeman on Judgments, sec. 472; Brandt on Suretyship, sec. 182; *Reed* v. *Norris,* 2 Mylne & Craig, 361.

A resulting trust can only arise by implication, and can only stand until some reasonable proof is brought to the contrary. *Elliott* v. *Armstrong,* 2 Blackf. 198. This implication is overcome in this case by the admissions of complainant in his amended bill, when he alleges that they agreed to divide the land in proportion to their respective claims against Busby, complainant's being $1077, and defendants' $2600; and complainant, in his testimony, details at length the agreement between himself and defendants, that he was to abandon all claim to the land purchased, and in lieu thereof to take his $800 and interest in money. It has been time and again held by this court that a resulting trust could not arise out of an express agreement. It is only an implied equity. *Sheldon* v. *Harding,* 44 Ill. 68; *Remington* v. *Campbell,* 60 id. 516; *Mahony* v. *Mahony,* 65 id. 406.

It is clear, from the bill, and the testimony of complainant, that these parties at least had mutual claims against Busby, and were endeavoring to protect themselves by the purchase of the land, and there was a greater degree of trust reposed in complainant by defendants than contrawise. If complainant has equity, the equity of defendants is equal to it, and the case, therefore, comes under the well known rule, that where the equities are equal the law must prevail. Willard's Eq. (Potter's ed.) 49; *Fitzsimmons* v. *Ogden,* 7 Cranch, 2; *Phillips* v. *Cranmond,* 2 Wash. C. C. 441.

Another objection to complainant's theory of a resulting trust is the intervening equity of the defendant Sarah J. Mathis. She and her co-defendant testify that she was an assignee of the certificate of purchase for a valuable consideration, without notice of any right or interest therein of the complainant, except the right to a conveyance of the 240 acres. There is no attempt to dispute the fact that she obtained $600 as a gift from her grandfather, and that her

husband obtained it. In equity, she would be entitled to compensation from her husband. She has the right to control her separate property. Before the statute in favor of married women, her rights in a court of equity were almost identical with her rights now under the statute; and in this case, unless it clearly appears the money was a gift from her to her husband, he would at least be treated as trustee for her money. Willard's Eq. 635; Story's Eq. secs. 1378, 1390; *Lucas* v. *Lucas*, 1 Atk. 72; *Pawlet* v. *Delaval*, 2 Ves. 666.

It was certainly not equity to deprive the defendants of all right or interest in the land, when all the complainant asked was his $800 and interest. It would have satisfied him had the 120 acres been subjected to the payment of his money, and left the defendants the equity of redemption, to compensate them for $2600 due from the insolvent Busby.

Mr. JOHN N. HOLLOWAY, for the appellee:

The law is clearly and fully established, that upon the purchase of property, if the legal title is taken in the name of one person, while the consideration is given or paid by another, a resulting or presumptive trust immediately arises by virtue of the transaction, in favor of the party furnishing the money. 2 Bouvier's Law Dictionary, 473; Hill on Trustees, 130; 4 Kent Com. 332 and 333; *Prevo* v. *Walters et al.* 4 Scam. 35; *Coats* v. *Woodworth*, 13 Ill. 654.

It matters not if the conveyance so taken was by the consent of the party furnishing the money. Willard's Equity, 599; 2 Washburn on Real Property, 482; 4 Kent, 339 and note; *Coats* v. *Woodworth*, 13 Ill. 654; *Smith* v. *Smith et al.* 85 id. 189; *Williams* v. *Brown*, 14 id. 203.

If appellee could not have been a legal purchaser at the sale, then a trust could not have arisen. But he could have been a legal purchaser, and the attorney who advised him otherwise was simply mistaken. There is no reason, law nor common sense that would preclude appellee from being a legal purchaser and of taking the certificate of purchase in

his own name.   On the other hand, there are special reasons why the law should favor his becoming the purchaser.   The debt sought to be made by the sale was not his debt; he was only surety therefor.   The land to be sold was the only property belonging to the principal debtor out of which the debt could have been made, and if appellee had been debarred from buying at the sale, he would have probably been compelled to pay a large portion of the debt himself.   The policy of the law is to favor and protect the rights and privileges of a surety—not curtail them.   But the authorities settle this question.   Herman on Executions, 321, sec. 208; *Gibson et al.* v. *Winslow,* 38 Penn. 49; Freeman on Executions, 292.

But it is claimed by appellants that these subsequent agreements of complainant, made when he delivered the certificate to Mathis and afterwards, overcome the presumption of a trust.   A resulting trust must arise, if at all, at the time the conveyance is taken, and no parol agreements made before or after can affect the same.   Willard's Equity, 600; *Williams* v. *Brown et al.* 14 Ill. 203.

The trust arose, then, before these parol agreements were made.   Did they discharge the trust?   It would seem from the authorities just cited that they could not affect it.   The appellants do not plead them in discharge, but deny them. They never executed them and have refused to execute them. Can one party claim the benefits of an agreement in court, and yet deny and renounce them himself?

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case is framed with a view to have a resulting trust in the lands in litigation established in favor of complainant, and if that could not be done, to have the money advanced to purchase the land at sheriff's sale declared a lien on it and the land subjected to sale for its payment.   The circuit court held the facts proved established a resulting trust and decreed accordingly.   After a careful consideration we are of opinion the evidence sustains that

view of the case.   There can be no doubt that complainant bid off the land at the sheriff's sale in his own name for the sum of $800, paid the money to the sheriff and received the usual certificate of purchase.   Complainant was advised it was doubtful whether it was lawful for him to become a bidder at the sale, and it was for that reason he did, on the same day, surrender the certificate he had received and procured the sheriff to issue another one in the name of defendant, Samuel B. Mathis.   Complainant retained the certificate, however, until after the time of redemption had expired, when, under some agreement, he let defendant Samuel B. Mathis have it.   Thereupon Mathis assigned it to his wife, Sarah Mathis, who immediately took a deed for the land, and has since been in possession with her husband.

It is apparent Sarah Mathis was not an innocent purchaser for a valuable consideration, and that she was familiar with the facts of the transaction before she took an assignment of the certificate.   Some twenty-six years ago she let her husband have $600 that she had received from her grandfather, and that is all the consideration, it is claimed, there was passing from her to her husband for the assignment.   Where land is purchased with the money of one person and the deed taken in the name of another, a trust results by operation of law in favor of the person whose money is used.   *Coates* v. *Woodworth*, 13 Ill. 654; *Smith* v. *Smith*, 85 id. 189.   The facts proved bring this case exactly within the rule stated.   Complainant furnished all the purchase money of the land, but the deed was taken in the name of defendant.

But it is said there can be no resulting trust in favor of complainant, for the reason, it is shown he procured the sheriff to issue a certificate, not to the purchaser of the land at the sheriff's sale, but to one who was not a purchaser.   That fact, it is insisted, will bar all relief, but for what reason is not apparent.   It was simply a transfer of the bid made by complainant to defendant and permitting him to take the cer-

tificate. That could wrong no one, and how it contravenes any public policy is not perceived.

It was not unlawful for complainant to become a purchaser at the sheriff's sale. The judgment on which the execution issued and under which the sale was made was rendered on a promissory note made by William Busby as principal, and complainant and another as his sureties. An execution creditor may become a purchaser at his own sale, and no reason is perceived why one of two defendants at a sale on joint execution may not become the purchaser of the property of the other. In a case like the one at bar there is great propriety in it. It might be the only speedy mode of securing himself against loss on account of his suretyship. It is not against any sound public policy, where no relations of trust exist between the parties, and where such purchaser does not thereby obtain any unconscionable advantage over his co-defendant, for whom he is only surety. In *Gibson* v. *Winslow*, 38 Penn. 49, it was held, one joint judgment debtor might become the purchaser of his co-defendant's land at a sale on an execution issued on a joint judgment. The same principle is stated in Herman on Executions, sec. 208, and in cases cited.

There is nothing in *Coggeshall* v. *Ruggles*, 62 Ill. 401, in conflict with the views here expressed. There, the debtor whose land was sold filed a bill to set aside the sale on the ground the judgment was satisfied before the sale was made, and it was on that ground the sale was set aside by the circuit court. The principle of the decree was affirmed on appeal, but this court imposed terms upon which the relief should be granted. The reasoning of the court is to the effect that where the relation of principal and surety exists the surety may become the purchaser of the principal's property under an execution against both of them. On principle, there is no reason why he may not.

Another objection confidently relied on is, that there can be no resulting trust under the facts of the case, because of a subsequent agreement to divide the lands in proportion to

their respective claims against the principal judgment debtor. It would seem to be a sufficient answer to the position taken, that defendant in his testimony denies that any such agreement was made. It is no doubt true that complainant was willing, as a settlement of the controversy, to take the money he had paid out, with interest, or perhaps to take land for it at a certain price per acre, but defendant never performed or offered to perform any such agreement, and the mere offer of complainant to accept a settlement ought not to bar him of the relief he would otherwise be entitled to.

No error is perceived in the record, and the decree will be affirmed.

*Decree affirmed.* ·