## CHARLOTTE LEQUATTE ET AL.
### v.
## SILAS DRURY ET AL.

| 6 | 389 |
| 72 | 426 |

1. WRIT OF ERROR.—A writ of error is the commencement of a new action, and it is not considered as pending in the court awarding the same until the writ is issued; hence, the law of remedy in force at the time of issuing the writ determines the jurisdiction of the court to issue it.

2. JURISDICTION OF APPELLATE COURT IN QUESTIONS OF FREEHOLD— ACT OF 1879.—By the act of 1879 the Appellate Courts of this State have no jurisdiction by appeal or writ of error in cases involving the question of a freehold.

3. PARTITION.—Where, in a bill for partition, the object of the action is to deprive one of the parties of his title in fee to certain lands, and transfer the same to another, the question of a freehold is directly involved.

ERROR to the Circuit Court of Rock Island county; the Hon. JOHN G. GLENN, Judge, presiding. Opinion filed June 17, 1880.

This was a bill in chancery for partition of several tracts of land, filed by the plaintiffs in error against the defendants in error, alleging that the parties were owners thereof as tenants in common, claiming through common ancestors, Isaiah Drury and Priscilla Drury.

Concerning the lands in dispute in this suit, the bill contains the following allegations: That on Nov. 8th, 1852, Eli Drury, one of the defendants, held title in fee to the following lands in Rock Island county, to wit:

The N. W. one fourth of N. E. one-fourth, Sec. 30. That part of E. one-half, S. W. one-fourth, Sec. 19, lying south of Copperas creek.

Also, W. one-half of S. W. one-fourth of said Sec. 19, except 26 acres off west side.

The E. one-half of S. E. one-fourth Sec. 19, Town 16, Range 5, west.

That although on said Nov. 8th said Eli held the title in fee to said lands, yet in fact the lands belonged to one Isaiah Drury, now deceased, and in fact belonged to him at the time of his decease; that said Eli held the said lands in trust for and at the request of said Isaiah.

That about said 8th of November said Eli was indebted to one Andrews for goods bought, for which debt Eli gave his notes to Andrews, which goods were afterwards sold by Eli, in partnership with Stuart R. Drury, defendant; that to secure the payment of the notes given for said goods, Eli Drury, on said 8th day of November, made to Andrews a quit-claim deed, conveying said lands to him to secure the payment of the notes; that before the death of Andrews, Eli paid the principal part of the debt for the goods to Andrews; that a short time before Andrews' death—which occurred April, 1858—Andrews, anticipating his decease, informed Eli that he desired to convey back the lands acquired by the quit-claim deed; that Stuart R. Drury, defendant, knowing Andrews' desire to convey back, called upon Andrews at his residence in the city of Rock Island, in said county, in company with defendant, Silas Drury, and without the consent or order of Eli, Andrews conveyed back the lands conveyed to him by Eli, by deed to Stuart R. Drury, who was then a partner in trade with Eli; that said Stuart R. Drury now holds the title in fee to the lands conveyed to him only by said deed from Andrews, except as he may inherit an interest therein as one of the heirs of Isaiah Drury.

The bill then avers the death of said Isaiah, intestate, in November, 1854, and the heirship of the respective parties, and asks that said Stuart R. Drury convey his interest in said land to the parties entitled thereto upon partition being made, and for partition and other relief.

The answer of Stuart R. Drury denies that he holds the said lands in trust as alleged in the bill, but avers that he is the

owner in fee thereof, and that as to such tracts no partition can or should be made.

Upon the hearing the court below ordered partition of the other lands, the title to which was not disputed, and dismissed the bill as to the tracts held by Stuart R. Drury, and confirmed the title in him to them.

Messrs. Sweney, Jackson & Walker, for plaintiffs in error.

Messrs. Osborn & Curtis, for defendants in error.

Pillsbury, P. J.   At the threshold of this case a question arises, which constrains us after a mature consideration thereof, to decline any investigation into the merits of the controversy between these parties.

This question relates to the jurisdiction of this court over the subject-matter of the litigation between the parties.

The only action of the court below, upon which error has been assigned on this record, consists in refusing to deprive Stuart R. Drury of certain lands, the legal title in fee to which was confessedly in him, and to make partition thereof, upon the ground that he held such title in trust, for his co-tenants, the heirs of Isaiah Drury, deceased.

The decree for partition herein was rendered at the January Term, 1878, of the Circuit Court of Rock Island county, and at the May Term following, the decree ordering sale of the premises of which partition had been ordered, was entered of record.   An appeal to the Supreme Court was at said May Term allowed the plaintiffs in error, Charlotte Lequatte and William Drury, and they filed an appeal bond in accordance with the order allowing said appeal.

This appeal, it is said by counsel, was dismissed at the September Term, 1878, of the Supreme Court, on the ground that it should have been taken to the Appellate Court.   Had this writ of error been sued out of this court while the statutes were in force, under which the above decision of the Supreme Court and others of the same court in like cases were made, there could have been no doubt of the jurisdiction of this

court to entertain an appeal, or to award a writ of error to review the action of the court below upon the merits; but the plaintiffs in error not availing themselves of the privilege of suing out the writ of error to the December Term, 1878, or the June Term, 1879, of this court, must be governed by the law of the remedy in force October 23, 1879, the date of the writ of error herein. Wright v. The People, 92 Ill. 596.

A writ of error is the commencement of a new action. Ripley v. Morris, 2 Gil. 382, and is not considered as pending in the court awarding the writ until the writ is issued. Blackerby v. The People, 5 Gil. 266. The law, therefore, in force at the time of issuing the writ, determines the jurisdiction of the court to issue it. Williams v. Ayres, 92 Ill. 16. The eighth section of the act to " establish Appellate Courts," in force July 1, 1877, Sess. laws, 1877, p. 69, provides that "the Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts or the Superior Court of Cook county, or from the city courts in any suit or proceeding at law or in chancery, other than criminal cases, and cases involving a franchise or freehold, or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts, and from the Superior Court of Cook county, directly to the Supreme Court in all criminal cases, and in cases involving a franchise or freehold, or the validity of a statute." It would seem from this act, creating the Appellate Courts and defining their jurisdiction, that it was not the original intention of the Legislature to confer upon them appellate jurisdiction in that class of cases wherein the right was reserved to the parties by § 11, Art. 4 of the Constitution, of bringing the judgments of such courts before the Supreme Court for review, either upon appeal or by writ of error.

It is provided by the sixty-seventh section of the act to amend the " act in regard to practice in courts of record," passed at the same session of the legislature, Sess. Laws, 1877, p. 148, that " appeals from and writs of error to all circuit

courts, the Superior Court of Cook County, and city courts, and from other courts from which such appeals and writs of error may be allowed by law, may be taken to the Appellate Courts from all final judgments, orders and decrees, except as hereinafter stated."

The exception here stated evidently has reference to the 88th section, wherein such appeals and writs of error in criminal cases and in cases involving a franchise or freehold, or the the validity of a statute, may be taken directly to the Supreme Court, in case the party appealing or prosecuting such writ of error shall so elect, except in cases of chancery.

This act has been construed by the Supreme Court in Young v. Stearns, 91 Ill. 221, and Fleischman v. Walker, 91 Ill. 319, as being in the nature of subsequent legislation, and therefore as extending the jurisdiction of the Appellate Courts beyond that of the original act establishing them. And by the construction of this act by the Supreme Court, all cases in chancery, whether a freehold or franchise or the validity of a statute was involved or not, must, if. removed from the circuit court by appeal or writ of error, be taken to the Appellate Courts. That the 67th section was broad enough to include all cases, and that by the 88th, a certain class of cases could be taken directly to the Supreme Court if the party so elected, which right of election, however, did not extend to causes in chancery.

This statute being in the nature of a subsequent enactment, as determined by the Supreme Court in the cases referred to, the construction above given it by that court necessarily followed, and the appeal in this case to that court at the September term, 1878, was simply a nullity.

This 88th section was amended by an act of the General Assembly, and in force July 1, 1879, Sess. Laws of 1879, p. 222, so as to read as follows: "Appeals from and writs of error to circuit courts, the superior court of Cook county, the criminal court of Cook county, county courts and city courts in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors, and in cases in which a franchise or freehold or

the validity of a statute, or construction of the Constitution is involved; and in all cases relating to the revenue, or in which the State is interested as a party or otherwise, shall be taken directly to the Supreme Court."

By this act the jurisdiction of the Appellate Courts to issue writs of error in cases involving a freehold, has been taken away and conferred upon the Supreme Court, and any judgment of this court in such a case would be void, and could not in the least affect the validity of the decree of the court below.

That a freehold is directly involved in this suit, there can be no doubt. The object of the bill is to deprive Stuart R. Drury of his title in fee to certain lands, and transfer the same to the complainants. The direct operation of the decree itself, if the prayer of the bill were granted, would have the effect of investing complainants with a freehold interest in lands which is admitted by them to be now vested in the said Stuart.

Any decree made in the cause would thereafter preclude the parties from asserting any title to the land.

Believing that we have no jurisdiction in the cause, we cannot examine into the merits, but must dismiss the writ of error. Williams v. Ryers, 92 Ill. 16; Meeks v. Leach, 91 Ill. 323.

Writ of error dismissed.