Foltz, Executor, *v.* Hart *et al.*, Trustees.

---

No. 9793.

FOLTZ, EXECUTOR, *v.* HART ET AL., TRUSTEES.

WILL.—*Legacy.*—*Debts.*—*Mortgage.*—*Personal Property.*—*Real Estate.*—A., holding real estate mortgaged to secure a debt of B., died, bequeathing $2,000 to a church, payable out of the personal property remaining after paying the testator's debts. The personal property was exhausted by the debts. The real estate was devised. The executor, fearing B.'s

insolvency, by authority of the proper court, took a conveyance of lands from B. and assumed the payment of the mortgage.

*Held*, that the land received from B. could not be regarded as personal property and a fund applicable to the discharge of the legacy to the church.

*Held*, also, that the church could take nothing under the will.

From the Marion Circuit Court.

*G. Carter* and *J. N. Binford*, for appellant.

*L. Ritter*, *E. F. Ritter*, *B. W. Ritter* and *O. T. Boaz*, for appellees.

BLACK, C.—The appellees, trustees of the Third Street Methodist Episcopal Church of Indianapolis, filed their petition, seeking to have the appellant, executor of the last will and testament of Louisa J. Jones, deceased, cited to appear and show cause why he should not be ordered to pay the petitioners the sum of $2,000, bequeathed to the appellees by said testatrix out of her personal estate, and alleging, among other things, that said executor had failed to include in his inventory of the personal estate of the decedent a certain debt due said estate from one Jesse Jones, amounting to $2,700.

The appellant appeared, and issues were formed, on the trial of which the court, at the request of appellant, stated in writing the facts and the conclusions of law thereon.

Appellant excepted to the conclusions of law, and filed a motion for a new trial, assigning as causes that the finding was contrary to law and contrary to the evidence.

This motion having been overruled, the court rendered judgment that the appellees recover of the appellant the sum of $2,000 and costs, to be paid by said executor out of the assets of said estate in due course of administration.

The evidence was, in substance, as follows: The testatrix died February 16th, 1879. Her will was duly admitted to probate, and appellant was duly appointed and qualified as executor thereof March 21st, 1879. She bequeathed to the appellees $2,000, to be paid only out of her personal estate after the payment of her debts, and devised to the appellant,

Foltz, Executor, *v.* Hart *et al.*, Trustees.

in trust for her two daughters, all her real estate, subject to a life-estate in a portion thereof in her husband, Jesse Jones.

The debts of the decedent exhausted all her personal estate, leaving no funds with which to pay the bequest to appellees, unless a certain debt of said Jesse Jones, of $2,700, was an indebtedness to her.

On the 18th of January, 1878, and for some time before that date, said Jesse had been indebted to said Louisa, his wife, in the sum of $5,000, the debt growing out of certain business transactions between them. At the date last mentioned, said Jesse bought of one Maria Pope lot 6, in square 1, of the city of Indianapolis, worth $5,000, and, by an arrangement with said Louisa, he caused said lot 6 to be conveyed to her by Mrs. Pope by warranty deed, in consideration of which said Jesse conveyed to Mrs. Pope certain real estate of his and agreed to pay off and remove certain encumbrances on said lot 6 (which were not mentioned in Mrs. Pope's said deed of conveyance thereof), amounting to $2,700. Said Jesse caused said lot 6 to be thus conveyed to said Louisa in satisfaction of his said indebtedness to her, and it was received by her in full payment thereof.

In order to obtain the money with which he paid off said encumbrances on said lot 6, amounting to $2,700, said Jesse borrowed of the Connecticut Mutual Life Insurance Company that amount of cash, for which he gave his note, with interest coupon notes, to said company, on the 25th of January, 1878, due in five years thereafter, and, to secure said loan, said Jesse and said Louisa, at the same time, executed to said company a mortgage on said lot 6. During the remainder of the lifetime of said Louisa, said Jesse paid, out of his own funds, the coupon notes as they matured; and, as between him and said Louisa, he was to pay off said $2,700, and the debt was considered as his debt. There was but one debt of $2,700, and that was the debt for which said Jesse gave his said notes to said insurance company, and he and his said wife executed

said mortgage; and if he had paid these notes he would be under no liability to said decedent's estate.

When said executor, the appellant, took possession of the decedent's real estate, as directed by the will, he found said lot 6 encumbered by said mortgage to said insurance company. · Said Jesse was then in a fair way to become insolvent, and the executor was apprehensive that, in that event, the decedent's estate would have to pay off said mortgage. He thereupon requested said Jesse to arrange his matters so as to save the estate from loss if he should fail financially. Said Jesse then proposed an arrangement, which was made, by which, on the 16th of May, 1879, he conveyed to said executor, as such, certain parcels of real estate then owned by said Jesse, of the value of $2,700, and in consideration thereof said executor agreed, on behalf of said estate, to assume, take care of and pay off said mortgage indebtedness to said insurance company, and to relieve said Jesse from paying any further attention to it.

Shortly after this transaction, said Jesse became wholly insolvent, and so continued at the time of the trial of this cause, up to which time said executor had paid off every coupon interest note aforesaid that had matured after the making of said arrangement, and said executor was preparing to pay off said principal note when it should fall due, and said Jesse had paid no further attention to the indebtedness to the insurance company.

On said 16th of May, 1879, the date of said arrangement between said Jesse and said executor, the latter filed in the court below, in which the settlement of said decedent's estate was pending, his petition as such executor, showing to the court how said indebtedness of said Jesse to his said wife in said sum of $5,000 arose, which was said to be as follows: In 1874 the decedent purchased of one Shoemaker certain residence property in Indianapolis, and in part payment therefor she transferred to him a promissory note for $5,000, executed by one Ryan to said Jesse Jones, which note she held

Foltz, Executor, *v.* Hart *et al.*, Trustees.

by endorsement of said Jesse, having purchased it and paid
for it with money of her separate estate.   Shoemaker conveyed
said property to said Louisa, with covenant of warranty against
all encumbrances; but, at the time of said conveyance, there
was a mortgage on the property of $5,000, made by said Shoe-
maker to one Gallup; and, as an indemnity against this mort-
gage, Shoemaker delivered the Ryan note to said Jesse, to be
held until said Gallup mortgage, which would be due in July,
1879, should be paid.   The Ryan note was secured by mort-
gage on certain real estate, and when it became due Ryan had
become insolvent, and he conveyed the mortgaged real estate
by which it was secured to said Jesse, in payment of the note
so held by Jesse for said Louisa.

Said petition showed how said Jesse, by way of securing
his liability thus created to said Louisa, caused said lot 6 to
be conveyed to her, how said lot 6 was encumbered as afore-
said, how, to pay and discharge such encumbrance, the loan
was made for which said Jesse gave his said note for $2,700,
and he and his said wife executed said mortgage to secure said
note.   The petition then proceeded as follows:   " Jesse Jones
is not prepared to pay to this estate the balance due from him
to it; and, to secure the estate of Mrs. Jones against loss, your
petitioner caused said Jesse Jones to execute to him deeds of
conveyance for the following real property," etc., describing
certain parcels of real estate, being those the conveyance of
which by said Jesse to said executor has before been mentioned,
"which he has received in full payment and satisfaction
thereof, subject to the approval of this court; which deeds
your petitioner now exhibits to the court, and prays that his
actions in the premises may be confirmed," etc.

The court, by its order, ratified and confirmed the settle-
ment so made with Jesse Jones, whereby, it was said, the ex-
ecutor accepted from said Jesse conveyances of said parcels
of real estate, " in full satisfaction, payment and discharge of
the liability of said Jesse Jones to said estate."   And by said
order said executor was charged with said real estate and "di-

rectcd and empowered to take full possession, management and control of said property, and to hold the same under the provisions of the will of said Louisa J. Jones, and as a part and parcel of the real estate conveyed to him thereunder, and to credit him therewith in the sum of $2,700, on account of the indebtedness due from him to said estate." Said petition of the executor and said order of the court thereon were introduced in evidence.

The court specially found the facts as follows:

"First. Said Louisa J. Jones, by her last will and testáment, bequeathed to the petitioners herein, as trustees of said Third Street Methodist Episcopal Church, the sum of $2,000, to be paid out of the proceeds of the personal estate of said decedent, and to her husband, Jesse Jones, and her two daughters, Mrs. Hawkins and Mrs. Howard M. Foltz, all of her real estate.

"Second. That, at the death of said Louisa J. Jones, her said husband, Jesse Jones, was indebted to her in the sum of $2,700, and there was a mortgage of that amount upon one of the pieces of real estate left by her at her death.

"Third. That, in settlement and payment of said debt due the said estate of Louisa J. Jones, of $2,700, the said Howard M. Foltz, as her executor, by order of the Marion Circuit Court, wherein the settlement of said estate was pending, said order being made upon his petition filed therein May 16th, 1879, took deeds of conveyance from said Jesse Jones for," etc. Here follow descriptions of real estate before mentioned.

"The court now states the following conclusions of law from the foregoing facts, to wit:

"First. That the above described real estate, so received in the payment of said debt of said Jesse Jones to the estate of Louisa J. Jones, is by the said executor to be held and treated as personal estate, and is subject to the payment of the bequest to said trustees of said Third Street Methodist Episcopal Church; and said executor is now ordered to pay said bequest out of the proceeds of the sale of said real estate if

Foltz, Executor, *v.* Hart *et al.*, Trustees.

a sum thereof sufficient so to do is left after paying the debts owing by the said decedent at her death." ·

This order seems to have been intended as a part of the conclusions of law; for, after exception to the conclusions and the filing and overruling of the motion for a new trial, judg-. ment was entered as before stated and as is contemplated by the statute, section 341, Code of 1852.

We think the finding of facts was contrary to the evidence. At the time of the death of the testatrix, when the will took effect, the debt of $2,700 had, with her consent and by acts in which she participated, been made a debt of Jesse to the insurance company for which her said lot 6 was made to occupy the position of surety. By his paying off the encumbrances on said lot 6 with the money borrowed by him from the insurance company, and the execution of said note and said mortgage, his absolute indebtedness to her was changed to an implied contract to indemnify her to the extent of any loss of her property which she might suffer by reason of the subjecting of her property to the payment of the debt, and until the maturity of the debt and such payment there could not be said to be any absolute indebtedness of said Jesse to said Louisa or to her estate.

The liability of said Jesse to the decedent's estate, before his said arrangement with the executor, was not of such a character that the assets of the estate would be increased by the discharging of it, either by Jesse's paying the insurance company or by his repaying said estate after said mortgaged property had paid the debt or the estate had paid it to save the mortgaged property. Said arrangement amounted to said Jesse's giving the executor the means with which to pay Jesse's debt, and, as between him and said estate, he became a surety. *Coggeshall* v. *Ruggles*, 62 Ill. 401. And while said arrangement remains in force said Jesse can not become absolutely liable to said estate by relation.

The very fact which would have rendered said Jesse absolutely indebted to said estate in such a way as to produce an

increase of its personal assets, would, *eo instanti,* deprive the estate of an equal amount. Said lot 6 was bound to the insurance company. Said Jesse was also bound personally to said company. He was bound to the estate only to reimburse it for whatever loss it might suffer for him; he was bound only to save said lot 6 to the estate.

It can not be supposed that it was the intention of the testatrix that after her personal estate should be exhausted in payment of her own debts, her real estate should be subjected to the burden of paying the debt of Jesse, for which it was liable, and that the money or property received from Jesse by way of recompense should be regarded as part of her personal estate left after the payment of her debts.

In the verified petition of the executor, and in said order of the court made thereon confirming his arrangement with said Jesse, were certain expressions, which we have set out, which, it is said, were to the effect that the debt of said Jesse was an indebtedness to the decedent's estate, as is claimed in this proceeding; and it is insisted that this was thereby admitted by the executor, and that he was estopped by that proceeding from denying in this that such was the true character of said debt.

The executor has not in this case sought to deny or vary the facts admitted in his said petition. His averments there as to the legal effect of those facts, do not forbid his asserting in this case his true legal rights under those facts.

These legatees were not parties to that proceeding or privies, and they have not been influenced to change their condition by anything therein alleged or by the result thereof. They can not claim that the executor was estopped by that which could not estop them. The fact that in said order the executor was directed and empowered to take possession of the real estate conveyed to him by said Jesse, and to hold it under the provisions of the will and as a part of the real estate conveyed to the executor under the will, and the fact that in this case it was found that said real estate so received from

said Jesse was to be held and treated by the executor as personal estate, do not harmonize with the theory of the conclusive character of said former proceeding.

The judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, it is ordered that the judgment be and it is hereby reversed, at the costs of the appellees, and the cause is remanded for a new trial.