WILLIAM J. DOBBINS

v.

SARAH J. CRUGER ET AL.

APPEALS—FREEHOLD.—Where a freehold is involved, the appeal should be taken direct to the Supreme Court. A bill in the nature of a creditor's bill seeking to divest a title and declare a defendant as holding real estate in trust for another, involves the question of a freehold, and this court has no jurisdiction.

APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed August 8, 1882.

Dobbins v. Cruger.

Messrs. Hopkins & Hammond, for appellant.

Messrs. Puterbaugh & Puterbaugh for appellees.

Lacey, J.   This was a creditor's bill filed by appellant against appellees William H. and Sarah J. Cruger, his wife, showing that on June 3, 1870, Thomas Dobbins recovered a judgment against William H. Cruger for $2,075.39 upon an indebtedness contracted by William H. Cruger, Nov. 24, 1863.   Upon this judgment an execution was issued, and returned unsatisfied Feb. 25, 1878.   The judgment was revived by *scire facias* in favor of Mary Dobbins, assignee, and mother of Thomas S. Dobbins.   That another execution was issued, and returned " no property found."

That William H. Cruger has transferred lands and property to his wife to hinder and delay creditors.   Summons in this suit was issued April 26, 1878.   The amended bill shows that T. S. Dobbins, before the judgment was recovered, sold to Sarah J. Cruger his house, and lot 7 in block 12, in Peoria, for $17,000, $5,000 being paid down, and the balance on time with mortgage and notes by Mrs. Cruger to secure the purchase money.   Through all this transaction, Wm. H. Cruger acted as the agent of his wife.   That she paid all except a portion.   The deed from Dobbins to Mrs. Cruger for the house and lot was dated Nov. 18, 1868, before the judgment was rendered.   The assignment of the judgment was dated Oct. 26, 1870.   The prayer of the bill is that the lot be declared subject to the lien of the judgment of appellant, the administrator of the deceased, Mary Dobbins, and that *pluries* execution may issue and be levied on the lot, and it sold and the proceeds applied to the satisfaction of appellant's judgment.

The answer of Sarah J. Cruger admits that her husband, Wm. H. Cruger, furnished money to her to pay the $4,000 note due in three years from date, and also to pay the amount of $1,500 on the second note, but answers further that at the time he had ample effects to pay all his debts and could rightfully make the gift.

By virtue of the Practice Act in force July 1, A. D. 1879, all causes in which a freehold is involved must be appealed directly to the Supreme Court. Laws 1879, p. 222. Of such causes the Appellate Courts have no jurisdiction. It is sought in this case to divest Sarah J. Cruger of her legal title to the lot in question, and declare her title to be held by her in part in trust for Wm. H. Cruger for the benefit of appellant's judgment.

Therefore a freehold is involved as has been fully decided. It has been held that a freehold is always involved where title to land is in issue between the parties. Monroe v. Van Meter, 100 Ill. 347. The issue between Sarah J. Cruger and appellant is whether she holds the title in fee or in trust for her husband. Mathis et al. v. Stufflebeam, 94 Ill. 481. In the case of Fanning et al. v. Russell et al. 94 Ill. 386, it was decided that where a judgment creditor of a grantor in a deed filed a bill against the grantees seeking to subject the land to the payment of the judgment because the deed was made after the debt accrued, without consideration, the grantor being insolvent at the time, a freehold was involved.

The same was decided in Young v. Stearns, 91 Ill. 221; the facts of the case do not appear in that opinion, but for the facts, see the same case afterward in the Appellate Court, Second District, 3 Bradwell, 498.

The same holding was had in the case of Robinson v. Patterson, 7 Bradwell, 398; Stewart v. Many, 7 Bradwell, 508; Patterson v. McKinney, 6 Bradwell, 394. This court having no jurisdiction, the appeal will be dismissed on the court's own motion with leave to withdraw the record, each party paying their own costs. Meeks v. Leach, 91 Ill. 323.

The appeal is dismissed.